# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN NUNEZ,<br>    Petitioner, | : <br> : <br> : |
| v. | :     Civ. No. 20-1243 |
| | : |
| THE DISTRICT ATTORNEY OF THE<br>COUNTY OF LEHIGH, et al.<br>    Respondents. | : <br> : <br> : |

## ORDER

*Pro se* Habeas Petitioner Jonathan Nunez challenges his state court first degree murder conviction, arguing that: (1) the verdict was against the weight of the evidence; (2) the trial court erroneously disallowed expert testimony regarding his mental state and improperly denied his motions to suppress; and (3) his counsel was ineffective. (Doc. No. 2.) Former Magistrate Judge Rueter recommends denying the Petition. I agree.

**I.**     **Legal and Factual Background**

On August 19, 2013, a Lehigh County Common Pleas jury convicted Nunez of the murder of Kimberly Cardona. (No. CP-39-CR-4281-2012.) Trial testimony established that Nunez met with Cardona after drinking "Four Loko" and smoking K2 (synthetic marijuana). (PCRA Opinion at 6–9.) After beating her, he left her on the roadside struggling to breathe. (Id.) Nunez returned hours later to find Cardona still incapacitated, dragged her into the woods, and slit her throat. (Id.) Later still, he doused her corpse with bleach. (Id.)

The trial court had previously denied Nunez's Motions to Suppress Statement and Physical Evidence. (Trial Court Rule 1925(a) Opinion at 2–4.) On August 30, 2013 he was sentenced to life imprisonment. (Id.) On September 9, 2013, Nunez asked the trial court to grant an acquittal and a new trial, arguing that the verdict was against the weight of the evidence, and that the court

had erred in: (1) denying expert testimony, (2) admitting "inflammatory and prejudicial" photographs, and (3) other evidentiary rulings. (Id.) On October 9, 2013, Nunez filed supplemental motions alleging that the trial court erroneously denied his pretrial motions and ineffective assistance of pretrial counsel claim. (Id.) On December 24, 2013 the trial Court denied all these Post-Sentence Motions. (Id.)

In a direct appeal *nunc pro tunc*, Nunez argued that the verdict was insufficient a matter of law and against the weight of the evidence as to a first-degree murder conviction, and that the trial court erred by: (1) denying Nunez's use of expert testimony regarding the effect of intoxication on his ability to form intent; (2) admitting "inflammatory and prejudicial photographs"; (3) denying Nunez's Motions to Suppress the fruits of search warrants and his statements to the police; and (4) allowing the Commonwealth to use the content of "various phone conversations." (Id.) The Superior Court affirmed, and the Supreme Court denied allocatur. Com. v. Nunez, 2016 WL 1033345 (Pa. Super. Mar. 15, 2016), petition for allowance for appeal denied, 145 A.3d 725 (2016)).

After the PCRA Court rejected Nunez's counseled ineffectiveness claims, the Superior Court affirmed; Nunez did not seek allocatur. Com. v. Nunez, 2019 WL 4233948 (Pa. Super. Ct. Sept. 6, 2019); (R&R, Doc. No. 11). On February 11, 2020, *Nunez* filed the instant *pro se* Petition, alleging that: the verdict and conviction were against the weight of the evidence (2 claims); the trial court erred in disallowing expert testimony and by admitting inflammatory and prejudicial photographs, phone conversations, Nunez's statements to the police, and evidence obtained by search warrant (4 claims); and his trial counsel was ineffective (4 claims).

II. **Legal Standard**

In reviewing a report and recommendation, I must "make a de novo determination of those

2

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). I may "accept, reject, or modify, in whole or in part" these findings and recommendations. Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee's Note.

Before federal courts will review a habeas claim, the petitioner usually must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). If the state court denies a claim on the merits, the federal court may grant habeas relief only if the adjudication: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law"; or (2) if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A decision is "contrary to" clearly established federal law if the state court "applies a rule different from the governing law," or decides a case differently on "materially indistinguishable facts." Bell v. Cone, 535 U.S. 685, 694 (2002). Unreasonable application of established federal law occurs when the court "unreasonably applies" a correctly identified legal "principle to the facts of the prisoner's case." Lockyer v. Andrade, 538 U.S. 63, 75 (2003); see also Harrington v. Richter, 562 U.S. 86, 103 (2011) (the state court's decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

I must review de novo those portions of Judge Rueter's Report to which timely, specific objections have been made. 28 U.S.C. § 636(b)(1)(C). "I need not consider de novo objections

that 'merely re-articulate[ ] all the claims and theories for relief in the Petition.'" Pander v. Coleman, 2016 WL 3011463, at *2 (E.D. Pa. May 26, 2013) (quoting Nghiem v. Kerestes, 2009 WL 960046, at *1 n. 1 (E.D. Pa. Apr. 3, 2009)). I will construe Nunez's *pro se* submissions liberally and address the objections he apparently seeks to raise. Id. (citing Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011)); see Hartmann v. Carroll, 492 F.3d 478 (3d Cir. 2007) (must construe *pro se* filings liberally) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

### III. Objections

#### A. Objection 1: Lack of Memorandum of Law

Nunez objects to Judge Rueter's accurate statement that Nunez initially did not submit a Memorandum of Law with his Habeas Petition, seeking to explain its absence. (Doc. Nos. 11, 14.) I will overrule Nunez's objection as immaterial.

#### B. Objection 2: Weight of the Evidence Claims

On direct appeal, Nunez challenged both the weight and sufficiency of evidence respecting his specific intent to kill—the element elevating his crime from third- to first-degree murder. Nunez, 2016 WL 1033345, at * 2. Yet he appears to use evidentiary weight and sufficiency interchangeably. (Doc. Nos. 2, 14); see Tibbs v. Florida, 457 U.S. 31, 42–45 (1982) (distinguishing between sufficiency and weight); see Rainey v. Varner, 2008 WL 509431, at *6 (E.D. Pa. Feb. 21, 2008) (*pro se* habeas petitioner intended to challenge sufficiency, not weight, when arguing that "evidence failed to establish…specific intent to kill"). Construing his filings liberally, I conclude that he seeks to challenge both the weight and sufficiency of the evidence. See Lecount v. Patrick, 2006 WL 2540800, at n. 11 (E.D. Pa. Aug. 30, 2006) (analyzing sufficiency where *pro se* habeas petitioner potentially confused weight with sufficiency).

Unfortunately, on habeas review, I may not reweigh the trial evidence. Gov't of V.I. v.

4

Derricks, 810 F.2d 50, 55 (3d Cir. 1987) (citing Tibbs v. Florida, 457 U.S. 31, 42 (1982). Weeks v. Snyder, 219 F.3d 245, 258 (3d Cir. 2000) (quoting Marshall v. Lonberger, 459 U.S. 422, 434–35 (1983)) (Court may not "redetermine credibility of witnesses whose demeanor has been observed by the state trial court").

Applying Jackson v. Virginia, the Third Circuit has set the following standard for determining sufficiency: whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Eley v. Erikson, 712 F.3d 837, 848 (3d Cir. 2013) (quoting Jackson, 443 U.S. 307, 319 (1979)) (emphasis in original). The Eley Court evaluated whether the Pennsylvania Superior Court had reasonably applied an equivalent standard. Eley, 712 F.3d at 847–48.

Here, the Superior Court's properly correctly addressed "whether the evidence, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to enable a reasonable jury to find every element of the crime beyond a reasonable doubt." Nunez, 2016 WL 1033345, at *3 (quoting Commonwealth v. Reed, 990 A.2d 1158, 1161 (Pa.2010)). The Superior Court discussed the trial testimony of the homicide detective who conducted Nunez's post-arrest interviewed Nunez. See id. at 4. Nunez described to the detective repeatedly punching Cardona and then leaving her collapsed on the side of the road. N.T., 8/15/13, at 129–131. Nunez detailed then spending several hours with his mother and friends, receiving medical attention for a wound he received during the fight with Cardona, and eating burgers. Id. He then grabbed a kitchen knife, returned to the scene to find Cardona "gurgling" as she struggled to breathe, and slit her throat. Id. The Superior Court found that testimony sufficient for a reasonable jury to find that Nunez had the specific intent to kill. Nunez, 2016 WL 1033345, at *4. I agree.

Because Claims One and Five challenging the weight and sufficiency of the evidence thus

5

fail, I will overrule Nunez' objection.

**C.** Objection 3: Procedural Default

Nunez objects to Judge Rueter's determination that Nunez procedurally defaulted on challenges to the trial court's denial of his Motions to Suppress cellphone data and other evidence that police obtained through search warrants. (Doc. No. 14.) Because Nunez never raised this challenge before, Judge Rueter did not rule on the admission of cellphone data. (Doc. Nos. 11,14.) The challenge is thus waived. Clark v. Fisher, 2011 WL 6000795, at *2 (W.D. Pa. Nov. 30, 2011) (collecting cases); Loc. R. Civ. Pro. 72.1(IV)(c).

In any event, the Superior Court correctly ruled that the trial court did not abuse its discretion by admitting the cellular data. Nunez, 2016 WL 1033345, at *10–11. I will thus deny that portion of Objection 3.

Judge Rueter did find that Claim 4 was procedurally defaulted on Claim 4. There, Nunez alleged that the trial court improperly admitted evidence that the police obtained when executing search warrants. (Doc. No. 11.) Nunez objects, arguing that he sought to raise the issue on appeal but was prevented because his appellate attorney failed to do so properly. (Doc. No. 14.) Insofar as his objection includes an ineffectiveness claim that Nunez did not raise it in his Petition, I will overrule it as waived.

In the alternative, I conclude that the search warrants claim is procedurally defaulted. The Superior Court declined to review Nunez's claim that probable cause did not support the warrants because Nunez failed to include the necessary affidavits of probable cause in the certified record. The Court emphasized the appellant's responsibility under Pennsylvania Rule of Appellate Procedure 1921 to "ensure that [the Superior] Court has the complete record necessary to properly review a claim." Nunez, 2016 WL 1033345, at * 9 (citing Commonwealth v. Whitaker, 878 A.2d

914 (Pa. Super. Ct. 2005)).

Federal habeas review of a state prisoner's habeas claims is generally barred "'when (1) a state court has declined to address those claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.'" Walker v. Martin, 562 U.S. [307], [315] (2011) (quoting Coleman v. Thompson, 501 U.S. 722, 729-30 (1991)).

Noncompliance with Rule 1921 is an independent and adequate ground for procedural default. See e.g., Siluk v. Beard, 395 Fed.Appx., 817, 820–21 (3d Cir. 2010); Gordon v. Sommers, 2015 WL 11110588, at *3, 9 (E.D. Pa. Dec. 3, 2015). Additionally, as Judge Rueter notes, Rule 2119(c) "requires an appellant to cite to competent record evidence to support his claim." (Doc. No. 11 (citing J.J. DeLuca Co. v. Toll Naval Assocs., 56 A.3d 402, 411 (Pa. Super. Ct. 2012)). The Superior Court's determination that Nunez thus waived his claim by failing to provide the challenged affidavit of probable cause thus rests on independent and adequate state procedural grounds.

Accordingly, I will overrule Nunez's Objection.

### D. **Ineffectiveness**

Finally, Nunez objects to Judge Rueter's conclusion that trial counsel was not ineffective. Because Nunez offers no supporting explanation, reasoning, or argument, I need not address this unsupported conclusion. See Prout v. Giroux, 2016 WL 1720414, at *11 (E.D. Pa. Apr. 29, 2016) ("Where objections do not respond to the Magistrate's recommendation, but rather restate conclusory statements from the original petition, the objections should be overruled."). In any event, Judge Rueter's determination was plainly correct. Accordingly, in the alternative, I will overrule this objection.

7

### E. Request for Leave to Amend

Nunez alternatively asks to submit an amended petition. (Doc. No. 14.) Although I "should freely give leave [to amend] when justice so requires," that is not the case here. Fed. R. Civ. P. 15(a)(2). Nunez does not indicate what he would include in a new petition, nor does he explain why he did not seek to amend before Judge Rueter rejected his claims. In these circumstances, I will not allow leave to amend. Terry v. Ramson, 2021 WL 1387666, at *1 (E.D. Pa. Apr. 13, 2021) (citing Pressley v. Coleman, 2013 WL 3176799, at *1 (E.D. Pa. June 24, 2013).

### IV. Conclusion

**AND NOW**, this 21st day of June, 2021, upon consideration of Petitioner Jonathan Nunez's *habeas* Petition (Doc. No. 2), the Commonwealth's Response (Doc. No. 10), Magistrate Judge Rueter's Report and Recommendation (Doc. No. 11), Petition's Objections (Doc. No. 14), and all related submissions, it is hereby **ORDERED** that:

1. Petitioner's objections (Doc. No. 11) are overruled;
2. Magistrate Judge Thomas J. Rueter's Report and Recommendation (Doc. No. 14) is **APPROVED** and **ADOPTED**;
3. Petitioner's belated request for leave to file an amended petition is **DENIED**; and
4. The **CLERK OF COURT** shall **CLOSE** this case.

                                        **AND IT IS SO ORDERED.**

                                        */s/ Paul S. Diamond*

                                        Paul S. Diamond, J.